UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRYSTLE DOHERTY,

    Plaintiff,

v.                                        Case No: 2:19-cv-18-FtM-99UAM

UNITED STATES OF AMERICA and
STATE OF FLORIDA,

    Defendants.
_____

## ORDER

This matter comes before the Court upon review of the Application to Proceed in District Court Without Prepaying Fees or Costs, construed as a Motion to Proceed *In Forma Pauperis* (Doc. 2), filed on January 10, 2019, and the Motions to Join (Docs. 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23). Plaintiff requests leave to proceed *in forma pauperis* in this case without the prepayment of the filing fees and costs pursuant to 28 U.S.C. § 1915, and multiple movants request leave to join the case. *See* Doc. 2 at 1; Docs. 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23. For the reasons stated below, Plaintiff's motion and the motions to join are denied without prejudice. Plaintiff will be allowed to file an amended complaint in accordance with this Order.

    **I.**    **Indigency**

When considering a motion filed under 28 U.S.C. § 1915, the Court must determine "whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks omitted) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). A person need not be "absolutely destitute" or reduce himself to a public charge in order to proceed *in forma pauperis*. *Id.* (quoting *Adkins*

*v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* A district court may not deny an *in forma pauperis* motion without first comparing the party's assets and liabilities to determine whether the party has satisfied the poverty requirement. *See id.* at 1307-08.

Here, Plaintiff states she was formerly employed at GEICO in Lakeland, Florida, but is now disabled. Doc. 2 at 1. Plaintiff received disability payments of $1,462 per month from March 2018 to November 2018 but the payments were terminated in December 2018 and she currently receives no income. *Id.* She has $13.14 in the bank and $15,000 in a 401k. *Id.* at 2. Her monthly expenses are as follows: $600 in rent; $60 in gas and transportation; $25 for her phone; $212 in medical expenses; $33 in credit card payments; $200 in student loan payments; $55 for internet; and $50 for an unspecified judgment. *See id.* Plaintiff states she has $1,467.62 in credit card debt, owes $76,482.59 on her student loans, and owes an unspecified judgment of $1,966.10. *Id.* As Plaintiff's monthly expenses total $1,235 and she currently has no income, the Court finds Plaintiff meets the financial requirements to proceed *in forma pauperis* and will proceed to consider the sufficiency of the complaint.

## II. Sufficiency of the Complaint

The Complaint alleges civil rights claims under 42 U.S.C. § 1983 against the United States and the State of Florida related to government policies concerning prescribing and dispensing controlled substances, including opioids. *See* Doc. 1 at 5, 25-26; Doc. 1-2 at 1. The Civil Cover Sheet states that the sole cause of action is brought under § 1983 for civil rights violations under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Doc. 1-2 at 1.

The Complaint requests the Court: (1) allow all citizens of the United States to join the action as additional parties by submitting Motions to Join; (2) declare unconstitutional certain opioid prescription guidelines issued by the Centers for Disease Control and Prevention ("CDC"), an "opioid safety initiative" jointly administered by the Veterans Administration ("VA") and the Department of Defense ("DoD"), the VA Mission Act of 2018, and "all Federal and State legislation stemming from" the Act; (3) enjoin the Drug Enforcement Agency ("DEA") from accessing patients' private medical information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and (4) enter an order prohibiting all pharmacy employees from using "'profiling' to determine who may or may not receive controlled medications" including opioids. *Id.* at 25-26.

The Complaint is not organized in numbered paragraphs and does not allege causes of action against Defendants by individual Counts. *See generally* Doc. 1. The Court has reviewed the factual allegations in the Complaint, however, and will address the claims that the Complaint appears to raise. The Complaint begins with a history of medical uses of opioids and an overview of various studies related to treatment of chronic pain patients. *See id.* at 5-7. Next, the Complaint discusses the history of the CDC guidelines and other policies related to opioid use. *Id.* at 7-11. Plaintiff alleges that various government agencies have intentionally discriminated against chronic pain patients through policies including "prescription drug monitoring programs" through which the government coerces medical providers into providing sensitive patient data. *Id.* at 11-12. Plaintiff further alleges that many of the government policies at issue violate the Constitution and interfere with the ability of pain patients to live life without government interference. *See id.* at 12-16. Finally, Plaintiff alleges that she has exhausted all available

administrative remedies prior to filing suit and cites various studies stating that the current CDC guidelines are out of step with scientific research about opioids. *See id.* at 16-25.

Even if Plaintiff shows that she meets the indigency requirement to proceed *in forma pauperis*, the Court must determine the sufficiency of Plaintiff's claims. The Court shall dismiss an action if it is deemed "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Court shall also dismiss an action if it lacks subject matter jurisdiction over the claims.

With respect to whether a complaint fails to state a claim on which relief may be granted, § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations and citation omitted). Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (internal quotation and citation omitted). Additionally, the district court may dismiss a complaint where it is apparent on the face of the complaint that the claims are barred by an affirmative defense. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[T]he district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946). Plaintiff, as the party invoking the Court's jurisdiction, "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Claims not subject to federal jurisdiction are dismissed. *See Ex Parte McCardle*, 74 U.S. 506, 514 (1868).

A pleading must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 561-63. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Although the Court holds *pro se* complaints to a less stringent standard than pleadings drafted by attorneys, a *pro se* litigant still is bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure. *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir. 1993); *Ortiz v. Degrees*, No. 210-cv-278-FtM-29SPC, 2010 WL 2889773, at *1 (M.D. Fla. June 28, 2010). "Where allegations are vague and ambiguous, leaving the reader to guess at precisely what the plaintiff was claiming, the judge should require the plaintiff to replead his claims." *McFarlin v. Douglas Cty.*, 587 F. App'x 593, 595 (11th Cir. 2014) (citations omitted).

As an initial matter, the form of Plaintiff's Complaint does not comply with the pleading

requirements of the Federal Rules of Civil Procedure. "'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *See Yeyville v. Miami Dade Cty. Pub. Schs.*, 643 F. App'x 882, 884 (11th Cir. 2016). The Eleventh Circuit has identified four types of shotgun pleadings: (1) pleadings where each count adopts all preceding counts; (2) pleadings that contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) pleadings that do not separate each cause of action or claim for relief into a different count; and (4) pleadings that assert multiple claims against multiple defendants without specifying which claim applies to which defendant. *Id.* (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)).

Here, Plaintiff's Complaint is an improper "shotgun" pleading in multiple respects. First, the Complaint contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," including facts about the history of opioid use. *See, e.g.,* Doc. 1 at 5-7; *Yeyville*, 643 F. App'x at 884. Also, Plaintiff does not separate each cause of action or claim for relief into a different count, and only recites the specific cause of action under § 1983 in the Civil Cover Sheet but not in the Complaint itself. *See generally* Doc. 1; Doc. 1-2 at 1; *Yeyville*, 643 F. App'x at 884. Finally, the Complaint asserts claims against the United States and the State of Florida, but it is not clear which allegations apply to which Defendant. *See Yeyville*, 643 F. App'x at 884. The Complaint also fails to comply with the pleading requirements in Rules 8 and 10 by failing to include a short and plain statement of why Plaintiff is entitled to relief and failing to organize the Complaint in numbered paragraphs with each paragraph relating to a single set of circumstances. *See generally* Doc. 1; Fed. R. Civ. P. 8, 10.

Further, taking all the factual allegations in Plaintiff's Complaint as true, Plaintiff fails to state any cognizable claim against Defendants or sufficiently allege the Court's subject matter

jurisdiction. First, it is not clear that Plaintiff has standing to sue in this case under the facts currently pled. Article III of the United States Constitution limits the Court's jurisdiction to cases or controversies and requires that there be a case or controversy at all stages of the litigation. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). Standing requires that: (1) the plaintiff suffer an actual or imminent injury that is "concrete and particularized" and not "conjectural or hypothetical;" (2) the injury be fairly traceable to the defendant's conduct; and (3) a favorable decision would redress the plaintiff's injury. *Ne. Fla. Chapter, Associated Gen. Contractors of Am. V. City of Jacksonville*, 508 U.S. 656, 663-64 (1993) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Here, Plaintiff has not sufficiently alleged that the CDC guidelines or other policies or laws referenced caused Plaintiff a specific injury that is redressable in federal court. Instead, Plaintiff has alleged generalized and conjectural injuries to a large group of people identified as chronic pain patients in the United States. *See* Doc. 1 at 11-26. Thus, as currently pled, Plaintiff's Complaint does not sufficiently establish she has standing to bring any specific cause of action under § 1983 for an injury that happened to her.

Next, Plaintiff's Complaint alleges civil rights violations against the United States and the State of Florida under § 1983. *See* Doc. 1 at 10-26; Doc. 1-2 at 1. The claims under § 1983 are Plaintiff's asserted basis for federal question jurisdiction. *See* Doc. 1-2 at 1. A successful § 1983 claim, however, requires that the plaintiff show she was deprived of a federal right by a person acting under color of state law. *Myers v. Bowman*, 713 F.3d 1319, 1329 (11th Cir. 2013). Further, a plaintiff cannot sue a state itself under § 1983. *See Hill v. Dept. of Corrections, State of Fla.*, 513 So.2d 129, 133 (Fla. 1987); *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). Plaintiff also does not allege facts to show that the United States acted under state law in enacting

the policies and guidelines Plaintiff describes. Thus, Plaintiff has not properly pled claims under § 1983 and has not sufficiently alleged the Court's subject matter jurisdiction.

Due to Plaintiff's *pro se* status, the Court will allow her an opportunity to file an amended complaint in accordance with the directives above. Because the Complaint as currently pled is insufficient and the Motion to Proceed *In Forma Pauperis* will be denied without prejudice, the Motions to Join filed by Movants Kristi Becker (Doc. 4), Matthew Dean Carter (Doc. 5), Kathy Spain (Doc. 6), Rhonda Favero (Doc. 7), Lawrence Favero (Doc. 8), Sharla Wilton (Doc. 9), Stephanie Lobignat (Doc. 10), Karen Diann Hughes (Doc. 11), Douglas Leigh Hughes (Doc. 12), Cindy Colbert Hock (Doc. 14), and Jeffrey Knirk, Sr. (Doc. 15), Kevin Tank (Doc. 16), Jeffrey Thorson (Doc. 17), Rebecca Pierson (Doc. 18), Jacqueline Schneider (Doc. 19), Douglas McLaughlin (Doc. 20), Tanya Thorson (Doc. 21), Gail McLaughlin (Doc. 22), and Melissa Bazzy (Doc. 23), will denied without prejudice to re-filing if and when *in forma pauperis* status is granted or the filing fee is paid.

ACCORDINGLY, it is

**ORDERED:**

1. The Application to Proceed in District Court Without Prepaying Fees or Costs, construed as a Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED without prejudice**. Plaintiff shall have up to and including **March 5, 2019** to file an amended complaint in accordance with this Order or pay the filing fee. **Failure to comply with this Order will result in the Court recommending the case be dismissed.**

2. The Motions to Join (Docs. 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23) are **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of February, 2019.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
*Pro se* parties