UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRYSTLE DOHERTY,

        Plaintiff,

v.                                  Case No:  2:19-cv-18-FtM-99UAM

UNITED STATES OF AMERICA and
STATE OF FLORIDA,

        Defendants.

_____

## REPORT AND RECOMMENDATION[1]

    This matter comes before the Court upon review of the file.   For the reasons stated below, the Court respectfully recommends the case be dismissed without prejudice.

### I.    Procedural Background

    On January 10, 2019, Plaintiff filed a Complaint against Defendants, the United States of America and the State of Florida, and an Application to Proceed in District Court without Prepaying Fees or Costs, construed as a Motion to Proceed *In Forma Pauperis*.  Docs. 1, 2.[2]

Between January 22, 2019 and February 5, 2019, 19 movants filed Motions to Join the case.  *See*

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience.   Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.   By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.   Likewise, the Court has no agreements with any of these third parties or their websites.   The Court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

*generally* Docket.   On February 6, 2019, the undersigned denied Plaintiff's IFP motion based on the insufficiency of the claims in the Complaint and denied without prejudice the Motions to Join. Doc. 24.   Between February 6, 2019 and March 11, 2019, 13 additional Motions to Join were filed, each of which was denied without prejudice.   *See generally* Docket.   The undersigned's February 6, 2019 Order gave Plaintiff until March 5, 2019 to file an amended complaint in accordance with the directives in the Order.   Doc. 24 at 8.   The Order explicitly stated that failure to file an amended complaint by March 5, 2019 **will result** in the undersigned recommending the case be dismissed.   *Id.*   To date, Plaintiff has not filed an amended complaint. *See generally* Docket.

## II.      Sufficiency of the Complaint

The undersigned previously found Plaintiff demonstrated sufficient economic eligibility to proceed *in forma pauperis*.   Doc. 24 at 2.   Even if an application for leave to proceed *in forma pauperis* demonstrates sufficient economic eligibility on its face, however, the Court must proceed to determine the sufficiency of Plaintiff's claims.   *See* 28 U.S.C. § 1915.   The Complaint alleges civil rights claims under 42 U.S.C. § 1983 against the United States and the State of Florida related to government policies concerning prescribing and dispensing controlled substances, including opioids.   *See* Doc. 1 at 5, 25-26; Doc. 1-2 at 1.   The Civil Cover Sheet states that the sole cause of action is brought under § 1983 for civil rights violations under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.   Doc. 1-2 at 1.   The Complaint requests the Court: (1) allow all citizens of the United States to join the action as additional parties by submitting Motions to Join; (2) declare unconstitutional certain opioid prescription guidelines issued by the Centers for Disease Control and Prevention ("CDC"), an "opioid safety initiative" jointly administered by the Veterans Administration ("VA") and the Department of Defense

("DoD"), the VA Mission Act of 2018, and "all Federal and State legislation stemming from" the Act; (3) enjoin the Drug Enforcement Agency ("DEA") from accessing patients' private medical information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and (4) enter an order prohibiting all pharmacy employees from using "'profiling' to determine who may or may not receive controlled medications" including opioids. *Id.* at 25-26.

The Complaint is not organized in numbered paragraphs and does not allege causes of action against Defendants by individual Counts. *See generally* Doc. 1. The undersigned has reviewed the factual allegations in the Complaint, however, and will address the claims that the Complaint appears to raise. The Complaint begins with a history of medical uses of opioids and an overview of various studies related to treatment of chronic pain patients. *See id.* at 5-7. Next, the Complaint discusses the history of the CDC guidelines and other policies related to opioid use. *Id.* at 7-11. Plaintiff alleges that various government agencies have intentionally discriminated against chronic pain patients through policies including "prescription drug monitoring programs" through which the government coerces medical providers into providing sensitive patient data. *Id.* at 11-12. Plaintiff further alleges that many of the government policies at issue violate the Constitution and interfere with the ability of pain patients to live life without government interference. *See id.* at 12-16. Finally, Plaintiff alleges that she has exhausted all available administrative remedies prior to filing suit and cites various studies stating that the current CDC guidelines are out of step with scientific research about opioids. *See id.* at 16-25.

The Court shall dismiss an action if it is deemed "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). With respect to whether a complaint fails to state a claim on which relief may be granted, § 1915(e)(2)(B)(ii) mirrors the language of Rule

12(b)(6), so courts apply the same standard in both contexts.   *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court shall also dismiss an action if it lacks subject matter jurisdiction over the claims. "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."   *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).   "[T]he district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States."   *Bell v. Hood*, 327 U.S. 678, 681 (1946).   Plaintiff, as the party invoking the Court's jurisdiction, "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."   *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).   Claims not subject to federal jurisdiction are dismissed.   *See Ex Parte McCardle*, 74 U.S. 506, 514 (1868).

Finally, a pleading must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   This requirement ensures the defendant is given fair notice of what the claim is and the grounds upon which it rests.   *Twombly*, 550 U.S. at 561-63.   "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).   Although the Court holds *pro se* complaints to a less stringent standard than pleadings drafted by attorneys, a *pro se* litigant still is bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure.

*See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir. 1993); *Ortiz v. Degrees*, No. 210-cv-278-FtM-29SPC, 2010 WL 2889773, at *1 (M.D. Fla. June 28, 2010).

As an initial matter, the undersigned recommends the form of Plaintiff's Complaint does not comply with the pleading requirements of the Federal Rules of Civil Procedure.   "'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements."  *See Yeyville v. Miami Dade Cty. Pub. Schs.*, 643 F. App'x 882, 884 (11th Cir. 2016).   The Eleventh Circuit has identified four types of shotgun pleadings: (1) pleadings where each count adopts all preceding counts; (2) pleadings that contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) pleadings that do not separate each cause of action or claim for relief into a different count; and (4) pleadings that assert multiple claims against multiple defendants without specifying which claim applies to which defendant.  *Id.* (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)).

Here, the undersigned recommends the Complaint is an improper "shotgun" pleading in multiple respects.  First, the Complaint contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," including facts about the history of opioid use.  *See, e.g.,* Doc. 1 at 5-7; *Yeyville*, 643 F. App'x at 884.   Also, Plaintiff does not separate each cause of action or claim for relief into a different count, and only recites the specific cause of action under § 1983 in the Civil Cover Sheet but not in the Complaint itself.  *See generally* Doc. 1; Doc. 1-2 at 1; *Yeyville*, 643 F. App'x at 884.   Finally, the Complaint asserts claims against the United States and the State of Florida, but it is not clear which allegations apply to which Defendant.  *See Yeyville*, 643 F. App'x at 884.   The Complaint also fails to comply with the pleading requirements in Rules 8 and 10 by failing to include a short and plain statement of why Plaintiff is entitled to

relief and failing to organize the Complaint in numbered paragraphs with each paragraph relating to a single set of circumstances.   *See generally* Doc. 1; Fed. R. Civ. P. 8, 10.

Further, taking all the factual allegations in Plaintiff's Complaint as true, the undersigned recommends Plaintiff fails to state any cognizable claim against Defendants or sufficiently allege the Court's subject matter jurisdiction.   First, it is not clear that Plaintiff has standing to sue in this case under the facts as currently pled.   Article III of the United States Constitution limits the Court's jurisdiction to cases or controversies and requires that there be a case or controversy at all stages of the litigation.   *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).   Standing requires that: (1) the plaintiff suffer an actual or imminent injury that is "concrete and particularized" and not "conjectural or hypothetical;" (2) the injury be fairly traceable to the defendant's conduct; and (3) a favorable decision would redress the plaintiff's injury.   *Ne. Fla. Chapter, Associated Gen. Contractors of Am. V. City of Jacksonville*, 508 U.S. 656, 663-64 (1993) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Here, Plaintiff has not sufficiently alleged that the CDC guidelines or other policies or laws referenced caused Plaintiff a specific injury that is redressable in federal court.   Instead, Plaintiff has alleged generalized and conjectural injuries to a large group of people identified as chronic pain patients in the United States.   *See* Doc. 1 at 11-26.   Thus, as currently pled, the undersigned recommends Plaintiff's Complaint does not sufficiently establish she has standing to bring any specific cause of action under § 1983 for an injury that happened to her.

Next, Plaintiff's Complaint alleges civil rights violations against the United States and the State of Florida under § 1983.   *See* Doc. 1 at 10-26; Doc. 1-2 at 1.   The claims under § 1983 are Plaintiff's asserted basis for federal question jurisdiction.   *See* Doc. 1-2 at 1.   A successful § 1983 claim, however, requires that the plaintiff show she was deprived of a federal right by a person

acting under color of state law. *Myers v. Bowman*, 713 F.3d 1319, 1329 (11th Cir. 2013).

Further, a plaintiff cannot sue a state itself under § 1983. *See Hill v. Dept. of Corrections, State of Fla.*, 513 So.2d 129, 133 (Fla. 1987); *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986).

Plaintiff does not allege facts to show that the United States acted under state law in enacting the policies and guidelines Plaintiff describes. Thus, the Court respectfully recommends Plaintiff has not properly pled claims under § 1983 and has not sufficiently alleged the Court's subject matter jurisdiction.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

This case be **DISMISSED without prejudice**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 13th day of March, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
*Pro se* parties